ALEXANDER A. SAENGER, EXECUTOR, ETC., v. HENRY VON DER HEIDE ET AL.

*Mortgage—Indemnity for indorsement.*

In this case an executor filed a bill for the foreclosure of a mortgage found in the testator's safe, and which the mortgagor claimed was given as indemnity for the indorsement of a note, which, after several renewals, was paid; and on an examination of the testimony the Court find in favor of the mortgagor's claim, and affirm the decree dismissing the bill.

Appeal from Wayne. (Reilly, J.) Argued January 29, 1890. Decided April 11, 1890.

Bill to foreclose a mortgage. Complainant appeals. Affirmed. The facts are stated in the opinion.

*Henry M. Duffield,* for complainant.

*Alfred Russell* and *Walter Barlow,* for defendants.

CHAMPLIN, C. J. The bill in this case is filed to foreclose a mortgage accompanied by a note for $8,000, dated September 18, 1871, due one year after date. The note was made by Henry Von der Heide, and was payable to the order of Bernard Stroh, without interest.

Bernard Stroh died in 1882, and complainant was appointed his executor, and entered upon the execution of his trust. Soon after his appointment he returned to the probate court an inventory of the estate, which was small, and did not include this note and mortgage. Several years after his attention was called to these securities by the sons of Bernard Stroh, who took them from the safe used by Bernard Stroh in his life-time. His attention being called to them, he very properly advised with his

attorney as to his duty in the premises. He presented the claim to Von der Heide, and he denied all liability thereon. He was further advised, and properly so, that his duty was to foreclose the mortgage. Accordingly he filed this bill. Henry Von der Heide admitted the making of the mortgage and note, but alleged that they were made and delivered to Bernard Stroh as security and indemnity to him for indorsing a note of $8,000 made by J. Flanigan and Von der Heide, and indorsed to the Detroit Savings Bank, of date September 8, 1871, which note, after several renewals, was finally paid and taken up in August, 1875. In reaching a conclusion, I have entirely excluded the testimony of Henry Von der Heide as being incompetent under the statutes.

Testimony was ample showing the making of the note of $8,000 to the Detroit Savings Bank, upon which Bernard Stroh was security, and that it was for the benefit of Von der Heide, who had at that time engaged with Mr. Flanigan in the cigar-box manufactory business, and that this sum of $8,000 borrowed from the bank was used as capital in such business. There is also testimony tending to show that Von der Heide secured Stroh for such indorsement. The testimony shows, also, that the note to the bank was paid in 1875. Complainant introduced testimony tending to show that during all this time Bernard Stroh was in great financial distress and embarrassments, harassed with suits, and judgments were recovered against him for large amounts. It is singular and significant, under the circumstances, that in the first place Stroh should have had any money to loan, at least so large a sum as $8,000, and in the second place that he should never have called upon the maker of the note for payment, but permitted it to outlaw in his hands long before he died. The mortgage had not been recorded when the executor first became possessed of it. I am

satisfied fully, from the testimony and circumstances shown by the testimony, that the note and mortgage were held by Stroh under the circumstances set up in the answer, and that the bill of complaint was properly dismissed by the circuit court. The decree of the court below must be affirmed, with costs.

MORSE and GRANT, JJ., concurred. LONG, J., did not sit.